UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHERWOOD HARD,

    Petitioner,

v.                                 Case No. 11-C-1081

MICHAEL DITTMANN,

    Respondent.

## ORDER

Petitioner Sherwood Hard filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

This is Petitioner's second habeas petition. A previous § 2254 action was dismissed by Judge Stadtmueller in 2008. (Case No. 07-C-1034.) The law requires that a petitioner obtain the

permission of the court of appeals before filing a second or successive petition. 28 U.S.C. § 2244(3)(A). There is no indication here that Petitioner has done so.

> Unless and until the movant seeks and obtains permission from the court of appeals to file such a motion, the district court is without jurisdiction to entertain his request. It is undisputed that Carraway did not seek such authorization. The district court thus had no option other than to dismiss his motion.

*United States v. Carraway,* 478 F.3d 845, 849 (7th Cir. 2007).

Accordingly, the petition is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** this   3rd   day of January, 2012.


    s/ William C. Griesbach
William C. Griesbach
United States District Judge